IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EZEKIEL "ZEKE" DAVIS, MEGAN DAVIS, | § § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00058-JRG |
| KAESER COMPRESSORS, INC., PLUMETTAZ AMERICA, CORP., DIXON VALVE & COUPLING COMPANY, LLC, | § § § § § | |
| *Defendants*. | § § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Plumettaz America, Corp.'s ("Plumettaz") Motion to Dismiss Claims Asserted Against Plumettaz in Plaintiffs' Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion"). (Dkt. No. 59). Having considered the Motion, the subsequent briefing, and for the reasons set forth herein, the Court finds that the Motion should be **DENIED**.

### I.   BACKGROUND

On February 22, 2022, Plaintiffs Ezekiel "Zeke" Davis and Megan Davis ("Plaintiffs") filed the above captioned case against Defendant Kaeser Compressors, Inc. ("Kaeser") and Plumettaz (the "Original Complaint"). (Dkt. No. 1). Plaintiffs' Original Complaint alleged products liability claims against Kaeser and Plumettaz. (*Id.*). On May 2, 2022, Plaintiffs filed an amended complaint adding products liability claims against Dixon Valve & Coupling Company, LLC ("Dixon") (the "Amended Complaint"). (Dkt. No. 18). Plumettaz moved to dismiss certain counts of Plaintiffs' Amended Complaint. (Dkt. Nos. 22). On July 12, 2022, the Court ordered that:

all of Plaintiffs' claims against Plumettaz are DISMISSED-WITHOUT-PREJUDICE in light of Section 82.003(a) barring Plumettaz's liability under the Fifth Circuit's recent holding in *George*. However, Plaintiffs may file an amended complaint setting forth allegations regarding exceptions to Section 82.003(a) within fourteen (14) days from the date of this Order. (Dkt. No. 39 at 9, 10).

On March 24, 2023, Plaintiffs filed their Second Amended Complaint alleging, among other things, that Plumettaz committed various acts that constituted negligence, including the allegation that Plumettaz recommended that the incorrect size whip check safety cable be purchased for use in the compressor. (Dkt. No. 53 at 9, 10). Plumettaz's Motion followed. (Dkt. No. 59).

## II.   LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pleaded facts as true, and views all facts in the light most favorable to the plaintiff, but is not required to accept the plaintiff's legal conclusions as true. *Id.* The Court must limit its review "to the contents of the pleadings." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

## III.   DISCUSSION

Plumettaz argues that Plaintiffs' Second Amended Complaint was untimely and fails to allege a valid cause of action against Plumettaz. The Court addresses each argument in turn.

2

### A.     Timeliness

Plumettaz argues that the Second Amended Complaint is untimely because it was filed after the July 26, 2022 date referenced in the Court's prior Order. (Dkt No. 59 at 6). Plaintiffs respond that they filed the Second Amended Complaint in advance of the joinder deadline and the deadline to amend pleadings. (Dkt. No. 64 at 5). Plaintiffs further contend that the Court's Order does not state that Plaintiffs' claims would be dismissed with prejudice unless Plaintiffs filed an amended complaint within fourteen days. (*Id*. at 6). Finally, Plaintiffs assert that they discovered additional facts supporting new causes of action against Plumettaz on January 13, 2023. (*Id*. at 3, 4, 7).

The Court's July 12, 2022 Order states, in pertinent part, that:

> all of Plaintiffs' claims against Plumettaz are DISMISSED-WITHOUT-PREJUDICE in light of Section 82.003(a) barring Plumettaz's liability under the Fifth Circuit's recent holding in *George*. However, Plaintiffs may file an amended complaint setting forth allegations regarding exceptions to Section 82.003(a) within fourteen (14) days from the date of this Order. (Dkt. No. 39 at 9, 10).

The Order does not state that Plaintiffs "shall" or "must" file an amended complaint by or before July 26, 2022. The Order also does not say Plaintiffs "may only" file an amended complaint by or before July 26, 2022. Moreover, Plaintiffs did not possess sufficient information to assert a new cause of action against Plumettaz until well after the period stated in the Court's Order. Accordingly, the Court does not find Plaintiffs' Second Amended Complaint to be untimely.

### B.     Sufficiency of the Pleadings

Plumettaz argues Plaintiffs' Second Amended Complaint fails to plead a valid cause of action pursuant to Section 82.003(a) of the Texas Civil Practice and Remedies Code because the Second Amended Complaint does not "allege whether the whip check cable size was either too long or short for its intended use" and it does not allege facts "connecting the size of the whip

3

check to the claimed injuries." (Dkt. No. 59 at 7). Plumettaz further urges the Court to dismiss the Second Amended Complaint because, according to Plumettaz, Plaintiffs' allegations regarding the failure of the tightening mechanism of the whip check allegedly demonstrate that "the size of the whip check had no effect on this accident…" (*Id*. at 8).

Plaintiffs respond that its Second Amended Complaint alleges that Plumettaz recommenced "the incorrect size whip check safety cable" and that "the coupling which came loose would not have hit Plaintiff in the head but for J & S's use of the incorrectly sized whip-check safety cable at [Plumettaz's] instruction." (Dkt. No. 64 at 8; Dkt No. 53 at 9, 10). Plaintiffs further contend that they have alleged that *both* the failure of the tightening mechanism and the improperly sized whip check's hold resulted in the Plaintiffs' injuries. (Dkt. No. 64 at 8).

The Court agrees with Plaintiffs. At the pleadings stage, the Court draws all reasonable inferences from the well-pleaded allegations in Plaintiffs' favor. The Court finds that Plaintiffs have, in this instance, pled facts sufficient to state a claim. Plaintiffs have alleged facts that Plumettaz's representations regarding the size of the whip check safety cable were a proximate cause of Plaintiffs' injuries and, thus, complied with Section 82.003(a)(5). Further, Plumettaz's argument that Plaintiffs failed to specify whether the cable was too long or short does not cause Plaintiffs' Second Amended Complaint to fail to state a claim. Plaintiffs have put forth allegations that are sufficient at the pleadings stage.

## IV.   CONCLUSION

For the reasons set forth above, Plumettaz's Motion is **DENIED.**

**So Ordered this**

**Aug 15, 2023**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE